PEOPLE v SHERMAN

OPINION OF THE COURT

1. SEARCHES AND SEIZURES—SEARCH WARRANTS—PREMISES—PURSES—
PURPOSE OF WARRANTS—FRUSTRATION OF PURPOSE.

A search of a defendant's purse by a police officer was proper where the police were executing a search warrant authorizing a search of the premises upon which the defendant was found and the warrant specifically authorized the search of this defendant's person if found upon the premises and where the purpose of the warrant would have been frustrated were the purse not searched.

CONCURRENCE BY M. F. CAVANAGH, P. J.

2. SEARCHES AND SEIZURES—SEARCH WARRANTS—PREMISES—PURSES—
DEFENDANT'S PERSON—PRESENCE OF POLICE WOMAN.

*A search of a defendant's purse was a search of the defendant's person and was proper where the search was pursuant to a search warrant which authorized a search of the premises upon which the defendant was found and a search of this particular defendant if found upon the described premises; the fact that a police woman was not present, as required by the warrant for a search of the defendant's person, did not render the warrant's authorization of a personal search inoperative.*

Appeal from Wayne, James N. Canham, J. Submitted March 12, 1976, at Detroit. (Docket No. 25189.) Decided April 27, 1976.

Mattie D. Sherman was charged with violations of the controlled substance act. These charges were dismissed at the preliminary examination on the basis of an illegal search. The charges were

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Search and Seizures § 92 *et seq.*

later reinstated by a circuit court order. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Benjamin Roth (Carl Ziemba,* of Counsel), for defendant.

Before: M. F. Cavanagh, P. J., and R. B. Burns and Quinn, JJ.

Quinn, J. Defendant appeals from a circuit court judgment which reinstated criminal charges against her. Those charges had been dismissed by the examining magistrate at the preliminary examination on the basis of illegal search.

The circuit court properly held that the search was legal, *United States v Johnson,* 154 US App DC 393; 475 F2d 977 (1973). Armed with a proper search warrant authorizing a search for heroin, any other controlled substance, paraphernalia, and "if a police woman present may search woman described below if on premises; may search others present only if in a room where narcotics or paraphernalia in plain view", the police went to the premises named in the warrant. After entry, the police identified themselves to the two persons present, stated they had a warrant and explained it. The police then inquired who lived there, and defendant said that she did. When asked for identification, defendant stated that it was in her purse. The police handed her the purse and requested that she "dump the contents out". Defend-

ant complied with the request and drugs were disclosed. Defendant was arrested and charged with violation of the controlled substance act, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a).

As stated in *Johnson, supra,* at 395:

"[F]rustration of the warrant's purpose should not be permitted where the facts reveal that to be the likely result were the purse not searched."

Affirmed.

R. B. BURNS, J., concurred.

M. F. CAVANAGH, P. J. *(concurring).* I concur. Under the circumstances presented here, unlike *United States v Johnson,* 154 US App DC 393; 475 F2d 977 (1973), the search of the purse was a search of defendant's person. However, the warrant in this case authorized both a search of the premises and of defendant's person. Were it not for the warrant's authorization of a search of defendant's person—defendant was the woman described and named in the warrant—the search of defendant's person would have exceeded the scope of a warrant to search premises only and the evidence uncovered as a result of such an illegal search would have had to have been suppressed. The fact that a police woman was not present does not render the warrant's authorization of a personal search inoperative.

Affirmed.